UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15 CR 39 RLW ) |
| ANTONIO WASHINGTON, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Revoke or Amend Detention Order and Request for Expedited Hearing (ECF No. 45). The United States of America filed a Response in Opposition to Defendant's Motion to Revoke or Amend Detention Order (ECF No. 48). On May 20, 2015, the Court held a hearing and heard from counsel for Defendant and the United States.

On or around January 29, 2015, Defendant was indicted for possession of one or more firearms in furtherance of a drug trafficking offense. (ECF No. 2). On or around April 11, 2014, Defendant was found in the possession of 405 grams of heroin, along with 12 firearms. On February 3, 2015, the pretrial services office recommended that Defendant be detained based upon his risk of nonappearance and potential danger to the public. (ECF No. 10). On February 4, 2015, Magistrate Judge Thomas C. Mummert held a pretrial detention hearing. (ECF No. 11). On February 5, 2015, Judge Mummert determined that Defendant was a serious flight risk and there was a serious risk that Defendant will endanger the safety of another person or the community. (ECF No. 15). On April 28, 2015, Judge Mummert held another bond hearing. (ECF No. 36). Judge Mummert denied Defendant's motion to reconsider bond. (ECF No. 38).

The Court reviews the determination of pretrial detention *de novo*. *See United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985) ("To engage in a meaningful de novo review, the district court must have available the options open to the magistrate.").

"Section 3142 provides four alternatives from which the judicial officer must choose: (1) release on personal recognizance or unsecured appearance bond, or (2) release subject to certain conditions, or (3) temporary detention to permit, among other things, revocation of conditional release or (4) pretrial detention." *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (citing 18 U.S.C. § 3142). Defendant emphasizes that, under the Bail Reform Act of 1984, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Further, the judicial officer shall order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Defendant argues that pretrial detention is not warranted because of his education, personal connections to St. Louis, military service, minimal criminal history, and stable relationships with his girlfriend and children. During oral argument, Defendant's attorney noted that the St. Louis City Court released Defendant on bond even after Defendant pleaded guilty to drug charges arising out of the same incident as the federal charges at issue here.

After reviewing the entire file in this case and listening to the argument of counsel, the Court does not believe that Judge Mummert's order for pretrial detention of Defendant was in error. Based upon the its *de novo* review, the Court holds that Defendant is a flight risk and a

presents a potential danger to the community. As noted by Judge Mummert, Defendant has five pending warrants for his arrest in St. Louis and has been the subject of three Orders of Protection in domestic cases. Defendant has been arrested as a fugitive in this area. Defendant was arrested in possession of 405 grams of heroin and twelve firearms. The Court does not believe that there is a condition or combination of conditions that would reasonably assure Defendant's appearance in Court or the safety of the community.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Revoke or Amend Detention Order and Request for Expedited Hearing (ECF No. 45) is **DENIED**.

Dated this 21st day of May, 2015.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE